## MALLARD BAY DRILLING, INC.

### v.

### Gibson BESSARD.

### Civ. A. No. 92–2061.

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

Jan. 11, 1993.

Douglas C. Longman, Jr., Lafayette, LA, for Mallard Bay.

Gregory E. Tonore, Lafayette, LA, for Gibson Bessard.

## RULING

TYNES, United States Magistrate Judge.

Now pending before the undersigned Magistrate Judge is the motion of petitioner, Mallard Bay Drilling, Inc. ("Mallard") seeking appointment of a medical expert under Rule 706(a) of the Federal Rules of Evidence. Having considered the petitioner's memoranda as well as the opposition thereto, I now enter the following ruling.

While Federal Rule of Evidence 706(a) does confer discretionary power upon the district court to appoint an expert witness, the mere fact that the parties' retained experts have expressed divergent opinions does not necessarily warrant that the Court appoint an expert to aid in resolving the conflict. *Oklahoma Natural Gas Co. v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir.1986); *Georgia–Pacific Corp. v. United States*, 640 F.2d 328, 226 Ct.Cl. 95 (1980). Defendant, Gibson Bessard, allegedly injured his left knee on or about November 14, 1991 while employed by Mallard aboard Mallard Rig 50. He was subsequently treated by Dr. James McDaniels and Dr. Lee Leonard who now both opine that plaintiff needs no further surgery. He has also been treated by Dr. John Budden and Dr. John Cobb who now opine that plaintiff should undergo a second arthroscopic surgery on his left knee. The dispute regarding plaintiff's need for further arthroscopic surgery arises from a difference of opinion as to the significance of MRI test results. Dr. Budden and Dr. Cobb believe that MRI test results which indicate a Grade III meniscal abnormality justify a further arthroscopic surgery, while Dr. Lee Leonard and Dr. James McDaniels believe that the positive MRI test results do not indicate a need for further surgery.

All of the physicians involved are well qualified to offer an opinion regarding the significance of the MRI test results, and all are within the subpoena jurisdiction of this Court, and thus, should be available to testify at trial to explain their divergent opinions. The appointment by this Court of yet another expert is not likely to enlighten or enhance the ability of the Court to determine the pending issue. While appointment of an expert by the Court would ultimately add an additional witness to one side or the other, it is axiomatic that weight of the evidence is not to be determined by the number of witnesses that testify. Where as here, the experts retained by the parties are well qualified and capable of presenting sufficient information to permit a just resolution of the pending issue, appointment of yet another expert is not warranted.

For all of the foregoing reasons, the petitioner's motion for a court-appointed medical expert is DENIED.